In re COLOROSSI.

(District Court, W. D. Washington, S. D. at Tacoma. September 27, 1923.)

No. 1556.

Aliens ⊂⇒68—Alien woman, wife of alien, not eligible to naturalization without previous declaration of intention.

Act Sept. 22, 1922, § 2, does not authorize naturalization of an alien woman, married to an alien, without previous declaration of intention.

On petition of Stephanie Rosie Colorossi to be admitted as a citizen of the United States. Petition denied.

CUSHMAN, District Judge. Petitioner, a married woman, born in Italy, asks to be naturalized. Her husband, also born in Italy, to whom she was married in the United States, is not a citizen. His application for naturalization is still pending in this court. No declaration of intention to become a citizen has been made by petitioner; her claim being that under the provisions of the Act of September 22, 1922 (42 Stat. pt. 1, p. 1021), such declaration is not required. The act in part provides:

"That the right of any woman to become a naturalized citizen of the United States shall not be denied or abridged because of her sex or because she is a married woman.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Sec. 2. That any woman who marries a citizen of the United States after the passage of this act, or any woman whose husband is naturalized after the passage of this act, shall not become a citizen of the United States by reason of such marriage or naturalization; but, if eligible to citizenship, she may be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions:

"(a) No declaration of intention shall be required;

"(b) In lieu of the five-year period of residence within the United States and the one-year period of residence within the state or territory where the naturalization court is held, she shall have resided continuously in the United States, Hawaii, Alaska, or Porto Rico for at least one year immediately preceding the filing of the petition."

It is difficult to conceive how language could make more clear the intention of Congress to require of a married woman, an alien, married to an alien, full compliance with all general provisions of the Naturalization Law, including the declaration of intention to become a citizen. The applicant cannot now invoke the benefit of the exception nor anticipate the admission to citizenship of her husband.

The petition is denied.